■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO PEREZ, Appellant. — Judgment of the County Court, Suffolk County (Tanenbaum, J.), rendered June 1, 1981, affirmed (see *People v McGowen,* 42 NY2d 905). Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.

(October 18, 1982)

■ GLENN M. AHDERS, an Infant, et al., Plaintiffs, v SOUTHAMPTON HOSPITAL et al., Defendants. RICHARD AHDERS, Appellant; EDWARD P. SHARRETTS, JR., Respondent. — In a proceeding pursuant to CPLR 1211 to procure authorization to expend moneys on deposit on behalf of an infant for therapeutic purposes for said infant, petitioner appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 21, 1981, which purportedly denied reconsideration of an order of the same court, dated October 14, 1980, which had granted the application only to the extent of permitting the withdrawal of a sum not to exceed $35,000 of the infant's property. (We deem the court to have actually granted the motion for reargument and, upon reargument, to have adhered to the original determination [*Matter of Alessi v County of Nassau,* 85 AD2d 725].) Order affirmed, without costs or disbursements. As a threshold matter, we point out that although the order appealed from denied petitioner's motion to reconsider, the court proceeded to carefully consider the needs of the infant, whereupon it adhered to its original decision. Contrary to the purported denial of leave to "reconsider", Special Term's memorandum indicates that it granted reargument. An order granting a motion to reargue is appealable (Siegel, New York Practice, § 254, p 314). We must be sensitive to our statutory duty to preserve the infant's estate until his majority and to permit withdrawals only to the extent required for necessities and education that cannot otherwise be provided particularly since the needs of the infant will undoubtedly increase in ensuing years. To grant the application to withdraw $120,000 of the infant's funds would result in a diminution of greater than one third of his total property at a time when the infant is but 14 years of age. The infant's rehabilitative needs can be met by other less expensive means. Accordingly, both the original application and the motion to "reconsider" were properly determined. Lazer, J. P., Mangano, Gibbons and Weinstein, JJ., concur. ·