■ STACEY I. MUSUMECI, Respondent, v CHARLES J. MUSU- MECI, Appellant. [700 NYS2d 71] —In an action for a divorce and ancillary relief, (1) the defendant husband appeals (a), as limited by his brief, from stated portions of an order of the Supreme Court, Suffolk County (Costello, J.), dated March 25, 1998, as, *inter alia,* denied his motion for a mistrial, and (b) from an order of the same court, dated August 13, 1998, which denied his motion to renew, and (2) the nonparty Philip Sands, counsel for the defendant, appeals, as limited by his brief, from so much of the order dated March 25, 1998, as, in effect, granted those portions of the respective applications of the plaintiff wife and the Law Guardian which were for the imposi- tion of a sanction against him.

Ordered that the appeals by the defendant from the orders dated March 25, 1998, and August 13, 1998, respectively, are dismissed; and it is further,

Ordered that on the appeal of the nonparty Philip Sands, the order dated March 25, 1998, is reversed insofar as reviewed, on the law, by deleting the provision thereof granting the re- spective applications for sanctions and substituting a provision therefor denying those applications; and it is further,

Ordered that the nonparty Philip Sands is awarded one bill of costs payable by the respondent.

The appeals of the defendant from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Mat- ter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the accompanying appeal from the judgment (*see,* CPLR 5501 [a] [1]; *Musumeci v Musumeci,* 267 AD2d 365 [decided herewith]).

A court may impose a sanction against an attorney for frivo-

lous conduct which includes conduct "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [a], [c] [2]). Here, however, the motion brought by the attorney on behalf of the husband was not frivolous, and no sanction will be imposed. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.