■ JAMES E. BAHAMONDE, Claimant, v STATE OF NEW YORK, Respondent. STEVEN B. FERBER et al., Nonparty Appellants. (Claim No. 91779.) [707 NYS2d 117] —In a claim to recover damages for personal injuries, Steven B. Ferber, the attorney for the claimant, and Thomas J. Bailey, the attorney for the claimant in an unrelated claim to recover damages for personal injuries, separately appeal from a judgment of the Court of Claims (Silverman, J.), dated March 29, 1999, which, upon the motion of the claimant to vacate a judgment of the same court dated May 8, 1998, dismissing the claim, after a hearing, imposed a sanction of $6,000 against each of them.

Ordered that the judgment is reversed, on the law, without costs or disbursements.

A court may impose a sanction against an attorney for frivolous conduct, including conduct which "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or "asserts material factual statements that are false" (22 NYCRR 130-1.1 [a], [c] [1], [3]). Here, however, the motion brought by the nonparty appellant Steven B. Ferber on behalf of the claimant was not so frivolous as to warrant the imposition of a sanction (*see, Musumeci v Musumeci,* 267 AD2d 364). The statement made by the nonparty appellant Thomas J. Bailey in his affirmation in support of the motion regarding the use of an aerial photograph at pretrial conferences, while inaccurate, was not material to the resolution of the motion to vacate the judgment. Accordingly, the nonparty appellants' conduct did not warrant the imposition of sanctions pursuant to 22 NYCRR part 130. O'Brien, J. P., Joy, Florio and H. Miller, JJ., concur.