■ In the Matter of ZULEIKA GAVILANES et al., Appellants, v MARTIN M. DILAN et al., Respondents, et al., Respondent, and B. MITCHELL ALTER, Nonparty Appellant. [721 NYS2d 818] —In a proceeding pursuant to Election Law article 14, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated September 8, 2000, as, *sua sponte,* imposed upon them $1,000 in costs, and imposed sanctions upon the petitioners Zuleika Gavilanes, Micdalia Rodriquez, Eleanor Sullivan, Christina Miro, and Robert Camacho for frivolous conduct, and B. Mitchell Alter appeals from so much of the same order as, *sua sponte,* imposed a sanction upon him for frivolous conduct.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, *sua sponte,* imposed costs upon the appellants and sanctions upon the appellants other than Crucita Negron is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the provisions imposing costs and sanctions are deleted.

The Supreme Court improperly determined that the petitioners' application pursuant to Election Law § 16-114 was frivolous as that term is defined in 22 NYCRR 130-1.1. The application was not without legal merit, was not brought in bad faith, and did not assert false material factual statements. Accordingly, the imposition of costs and sanctions for frivolous conduct was unwarranted (*see,* 22 NYCRR 130-1.1; *Bahamonde v State of New York,* 269 AD2d 551; *Musumeci v Musumeci,* 267 AD2d 364; *Karnes v City of White Plains,* 237 AD2d 575).

In light of our determination, it is unnecessary to reach the appellants' remaining contention. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.