■ WEST BABYLON UNION FREE SCHOOL DISTRICT, Appellant, v QUALITY DOOR & HARDWARE, INC., et al., Respondents. [762 NYS2d 498] —In an action, inter alia, for a judgment declaring the rights of the parties to an easement, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kitson, J.), dated October 30, 2001, which restricted its use of the easement to specified periods of time and limited the number of vehicles it could use, and imposed a notification requirement in the event of emergency use. Justice Feuerstein has been substituted for the late Justice O'Brien (see 22 NYCRR 670.1 [c]).

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff, the West Babylon Union Free School District, is entitled to use of the subject easement in accordance with the stipulation of the parties dated January 8, 2001.

In January 1990 an instrument granted a perpetual easement of access to the plaintiff, West Babylon Union Free School District, for school buses and other vehicles "in the course of its educationally related course of business * * * during the school term as to hours and days that the school is officially open as determined by [the plaintiff] and at no other times." The defendants, the current owners of the servient estate, have attempted to limit the plaintiff's use of the easement to a 20-minute period, 1:40 P.M. to 2:00 P.M. on school days, purportedly in keeping with a stipulation entered into between the parties dated January 8, 2001, and "so ordered" by the court, which provided that during that time the plaintiff would have "exclusive use" of the easement, and required the parties' cooperation for use at other times.

The original granting instrument provided for the plaintiff's use of the easement for school buses and other vehicles owned or operated by the plaintiff on school days. Neither the original easement nor the subsequent stipulation limited the plaintiff's use of the easement to a 20-minute period, or limited the number or type of vehicles that may use the easement (see Lewis v Young, 92 NY2d 443 [1998]; Chapman v Vondorpp, 256 AD2d 297 [1998]; Lake Anne Homeowners Assn. v Lake Anne Realty Corp., 225 AD2d 736, 737 [1996]). The court erred in creating new restrictions on use of the easement that were not contemplated by the original granting instrument (see

*Drabinsky v Sea Gate Assn.,* 239 NY 321 [1925]) or the subsequent stipulation (*see Stefanovich v Boisvert,* 271 AD2d 727 [2000]). Ritter, J.P., Feuerstein, Goldstein and Schmidt, JJ., concur.