(October 31, 2005)

■ PAMELA BRANDES, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL et al., Respondents, et al., Defendants. [803 NYS2d 178]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated April 28, 2004, which granted the motion of the defendants North Shore University Hospital, I. Michael Leitman, Dan Seth Reiner, Larry Andrew Frankini, and Robert Allen Cherry, pursuant to CPLR 2304 and 3103, for a protective order quashing, vacating, and setting aside the plaintiff's notice to take deposition served upon the nonparty witness, Valentin Fuster, and denied the plaintiff's cross motion for an award of costs and the imposition of a sanction against those defendants.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the appellant.

An affidavit showing unusual or unanticipated circumstances

justifying a departure from the general rule foreclosing discovery after the filing of a note of issue (*see* 22 NYCRR 202.21 [d]) was not required here since the relief sought, deposition of the nonparty treating physician of the plaintiff's decedent, was not in the nature of discovery (*see* CPLR 3101 [d] [1] [iii]; *Jones v Sherpa,* 5 AD3d 634 [2004]; *Beliavskaia v Perkin,* 227 AD2d 246 [1996]; *Hill v Sheehan,* 154 AD2d 912 [1989]). Accordingly, as the defendants North Shore University Hospital, I. Michael Leitman, Dan Seth Reiner, Larry Andrew Frankini, and Robert Allen Cherry correctly concede, the Supreme Court erred in granting their motion for a protective order quashing, vacating, and setting aside the notice to take the deposition of the nonparty witness.

Under the circumstances herein, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for an award of costs and the imposition of a sanction pursuant to 22 NYCRR 130-1.1 (*see Bahamonde v State of New York,* 269 AD2d 551 [2000]; *Musumeci v Musumeci,* 267 AD2d 364 [1999]). Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.