◼ Academy of Medicine of Queens County, Respondent-Appellant, v Seminole 75 Realty Corp. et al., Appellants-Respondents, et al., Defendant. [832 NYS2d 286]—

In an action, inter alia, for a judgment declaring the respective rights of the parties under an easement and to recover damages for breach of the easement, the defendants Seminole 75 Realty Corp., Sylvan Parking Co., Inc., and Pinnacle Garage Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated October 13, 2005, as granted those branches of the plaintiff's motion which were for summary judgment on its first cause of action and summary judgment dismissing their first and second counterclaims, and denied that branch of their cross motion which was for summary judgment on their second counterclaim, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order, as denied those branches of its motion which were for summary judgment on its second cause of action, summary judgment dismissing the third counterclaim, and the imposition of sanctions pursuant to 22 NYCRR 130-1.1 (c).

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on its first cause of action with respect to regulations 2, 4, and 8 and substituting therefor a provision denying that branch of the motion, (2) deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment dismissing the second counterclaim with respect to regulations 2, 4, and 8 and substituting therefor a provision denying that branch of the motion, and (3) deleting the provision thereof denying that branch of the cross motion which was for summary judgment on the second counterclaim with respect to regulations 2, 4, and 8 and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In April 1986 the plaintiff executed a deed in favor of the defendant Queens 75th Avenue Corporation, conveying property located at 112-25 Queens Boulevard. The deed contained a pro-

vision granting a parking easement to the plaintiff, its tenants, guests, licensees, and employees. This easement provision in the deed was crossed out. The deed was recorded and filed with the Office of the City Register, Queens County.

A separate easement agreement was executed between the parties, expressly granting to the plaintiff, its tenants, guests, licensees and employees an easement for the purpose of parking 20 passenger automobiles free of charge in parking spaces designated by the grantor. The easement was to run with the land and to be binding on the parties, their successors, and assigns. On April 11, 1986 the easement agreement was recorded and filed with the Office of the City Register, Queens County.

In December of 1992 the defendant Seminole 75 Realty Corp. (hereinafter Seminole) purchased the fee interest in the garage portion of the site. The garage is managed by the defendant Pinnacle Garage Corporation (hereinafter Pinnacle), whose corporate parent is the defendant Sylvan Parking Co., Inc. (hereinafter Sylvan; Seminole, Pinnacle, and Sylvan hereinafter are collectively referred to as the defendants). In or about the fall of 2003 Seminole promulgated regulations concerning the easement.

The plaintiff commenced the instant action, inter alia, for a judgment declaring that the defendants' regulations were unenforceable as violative of the express language of the easement (the first cause of action) and to recover damages for breach of the easement (the second cause of action). The defendants counterclaimed alleging that the easement was invalid (the first counterclaim), that their rules and regulations were valid (the second counterclaim), and that the plaintiff violated the rules and regulations by using more than its allotted 20 spaces (the third counterclaim).

The Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the first cause of action and summary judgment dismissing the defendants' first and second counterclaims. The court denied those branches of the plaintiff's motion which were for summary judgment on the second cause of action, summary judgment dismissing the defendants' third counterclaim, and the imposition of sanctions. The court also denied that branch of the defendants' cross motion which was for summary judgment on the second counterclaim. The defendants appeal, and the plaintiff cross-appeals. We modify.

The Supreme Court properly determined that a valid enforceable easement agreement exists, giving the plaintiff, its tenants, guests, licensees, and employees a right to park in any of 20

parking spaces designated by the defendants. The plaintiff established, prima facie, that this express easement agreement was properly signed, acknowledged, and recorded, and thus, gave notice to the defendants (*see Gisondi v Nyack Mews Condominium*, 251 AD2d 371, 372 [1998]; Real Property Law § 291). The deed to the property, which contained an easement provision that had been crossed out, did not raise an issue of fact as to the validity of the separate free-standing easement agreement (*see Henrich v Phazar Antenna Corp.*, 33 AD3d 864 [2006] ["the best evidence of what parties to a written agreement intend is what they say in their writing" (internal quotation marks omitted)]). Thus, the defendants failed to raise an issue of fact on their first counterclaim as to the validity of the easement agreement, and the first counterclaim was properly dismissed (*see St. Claire v Empire Gen. Contr. & Painting Corp.*, 33 AD3d 611 [2006]).

Pursuant to that easement agreement, the plaintiff's right to use such parking spaces was limited by the "reasonable rules and regulations as may be established by the grantor" (i.e., the defendants as successors in interest to that grantor). Regulations 1, 3, 5, 6a-c, and 7 are unreasonable as a matter of law. The express easement agreement granted to the plaintiff, its tenants, guests, licensees, and employees, a right to park at will for free (*see Dowd v Ahr*, 78 NY2d 469, 473 [1991] ["Easements by express grant are construed to give effect to the parties' intent, as manifested by the language of the grant"]). Regulations 1, 3, 5, 6a-c, and 7 are unreasonable because they change or "limit" the easement (*see Drabinsky v Seagate Assn.*, 239 NY 321, 330-331 [1925] [a rule which limited the number of daily guests an owner in a residential unit could have was unreasonable as a matter of law because it controlled owner's and his licensee's right of access to the property rather than regulated it, such as by requiring any licensee to have an identification card]). Regulation 1 requires the plaintiff to furnish the defendants with a list of the vehicles parking in the lot. Regulation 6a-c requires that any change to the vehicles on the list be made only upon 30 days' written notice. Regulation 3 requires that such listed vehicles shall be provided with a parking sticker and must affix that sticker in order to be able to park in the garage. Regulation 5 provides that the stickers will only be provided to "passenger automobiles" and not to sports utility vehicles, trucks, or vans. Regulation 7 provides that "[n]o in and out service will be provided." Under these regulations, only those guests or licensees who know a month in advance that they will need to park at the site can make use of the parking. Thus, the plaintiff will lose the ability to offer free parking to

any guest desiring parking. In addition, regulation 5 is unreasonable as a matter of law because there is nothing in the easement which limits the kind of vehicle that may be parked (*see West Babylon Union Free School Dist. v Quality Door & Hardware*, 307 AD2d 290 [2003]). Thus, the plaintiff was entitled to summary judgment on the first cause of action with respect to regulations 1, 3, 5, 6a-c, and 7.

Regulation 2 is reasonable as it merely requires the plaintiff and its tenants, guests, licensees, and employees to affix a sticker to the vehicles they intend to park in the parking lot. Regulation 4 is reasonable as it merely states that vehicles not so identified will not be allowed to park for free. Regulation 8 is reasonable as it merely states the defendants' right to make reasonable rules and regulations. Together, regulations 2, 4, and 8 constitute the defendants' reasonable attempt to set forth a methodology for keeping track of those vehicles in the plaintiff's free spaces (*see Drabinsky, supra* at 329 [a regulation may merely regulate the manner of enjoyment of the easement]). Thus, that branch of the plaintiff's motion which was for summary judgment dismissing the second counterclaim as to regulations 2, 4, and 8 should have been denied, and the defendants should have been granted summary judgment on the second counterclaim as to those regulations.

In addition, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on its second cause of action to recover damages for breach of the easement. The plaintiff's affidavit failed to establish its entitlement to damages as a matter of law (*see St. Claire v Empire Gen. Contr., supra*). The court likewise properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' third counterclaim, seeking damages for the plaintiff's overuse of the easement. The deposition testimony failed to establish as a matter of law that the defendants cannot show the plaintiff's overuse of the easement and resulting damage (*id.*).

The Supreme Court properly denied that branch of the plaintiff's motion which was for sanctions as the record provided no support for their imposition (*see* 22 NYCRR 130-1.1 [c]; *Bahamonde v State of New York*, 269 AD2d 551, 552 [2000]; *Musumeci v Musumeci*, 267 AD2d 364, 365 [1999]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.