■ SERGIO VACO, Appellant, v EDGAR ARELLANO et al., Respondents. [901 NYS2d 549]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated July 31, 2009, which denied his motion for leave to renew his opposition to the motion of the defendants Edgar Arellano and Campuzano Car Service, and the separate motion of the defendants Cedric Kenville Jack and Veronica Charles, for summary judgment

dismissing the complaint insofar as asserted against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which had been granted in an order of the same court dated March 13, 2009.

Ordered that the order dated July 31, 2009, is reversed, on the law, on the facts, and in the exercise of discretion, with one bill of costs, the motion for leave to renew is granted, and, upon renewal, the order dated March 13, 2009, is vacated, and the defendants' motions for summary judgment are denied.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; see Gonzalez v Vigo Constr. Corp., 69 AD3d 565 [2010]). The plaintiff offered a reasonable excuse for not including an affidavit from his treating physician in opposition to the original motion (see Gonzalez v Vigo Constr. Corp., 69 AD3d 565 [2010]; Ralat v New York City Hous. Auth., 265 AD2d 185 [1999]), which established that there were triable issues of fact which precluded the granting of summary judgment.

The plaintiff adequately explained the cessation of his physical therapy on the ground that he reached maximum medical improvement (see Pommells v Perez, 4 NY3d 566 [2005]; Eusebio v Yannetti, 68 AD3d 919 [2009]; Shtesl v Kokoros, 56 AD3d 544 [2008]). Dillon, J.P., Santucci, Balkin, Belen and Sgroi, JJ., concur.