■ In the Matter of DIOR POLO G. CARRIE D. TILLMAN, Appellant; GERSTEIN, FISHER & ASSOCIATES, INC., et al., Respondents. [911 NYS2d 171]—

In a proceeding, inter alia, pursuant to SCPA 1713 for permission to withdraw from the infant's guardianship account the sum of $35,400 by periodic withdrawals of $2,950 per month for 12 months ($1,600 for the support of the infant and $1,350 for the petitioner's stipend), the petitioner appeals (1), as limited by her brief, from so much of an order of the Surrogate's Court, Kings County (Johnson, S.), dated August 3, 2009, as granted the petition only to the extent of permitting the withdrawal of the sum of $345.83 per month for the support of the infant, and (2) from an order of the same court dated October 19, 2009, which denied her motion for leave to reargue, and denied her separate motion for leave to renew, to impose sanctions upon the respondents Gerstein, Fisher & Associates, Inc., Stephen J. Lusthaus, and Kim E. Mazzatto, and for an award of an attorney's fee to her counsel payable by the respondents Gerstein, Fisher & Associates, Inc., Stephen J. Lusthaus, and Kim E. Mazzatto.

Ordered that the appeal from so much of the order dated October 19, 2009, as denied the petitioner's motion for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue (*see Palomba v Schindler El. Corp.*, 74 AD3d 1037 [2010]); and it is further,

Ordered that the order dated August 3, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 19, 2009, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent Gerstein, Fisher & Associates, Inc.

Although the court, in its discretion, may authorize the withdrawal of an infant's funds from a guardianship account, the court "must be sensitive to [its] statutory duty to preserve the infant's estate until his [or her] majority and to permit withdrawals only to the extent required for necessities and education that cannot otherwise be provided" (*Ahders v Southampton Hosp.*, 90 AD2d 508 [1982]; *see* SCPA 1713; *Matter of Guardianship Shannon Kelly*, NYLJ, Apr. 28, 2008, at 44, 2008 NY Misc LEXIS 2722 [Sur Ct, Suffolk County 2005]). Here,

contrary to the petitioner's contention, the Surrogate's Court providently exercised its discretion in granting her application to withdraw funds from the infant's guardianship account only to the extent of permitting the withdrawal of $345.83 per month for the support of the infant.

The petitioner's challenge to certain statements made by the Surrogate's Court in the order dated August 3, 2009, is not properly before this Court, as these statements were merely dicta.

The petitioner also contends that the Surrogate's Court erred in denying that branch of her motion which was for leave to renew. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Vaco v Arellano*, 74 AD3d 791, 792 [2010]). Contrary to the petitioner's contention, the Surrogate's Court providently exercised its discretion in denying that branch of her motion which was for leave to renew since she failed to present any new facts that would change the prior determination (*see Levitin v A.R.B. Mgt. Servs., Inc.*, 48 AD3d 759 [2008]).

Further, the Surrogate's Court properly denied that branch of the petitioner's motion which was to impose sanctions upon the respondents Gerstein, Fisher & Associates, Inc., Stephen J. Lusthaus, and Kim E. Mazzatto (*see Academy of Medicine of Queens County v Seminole 75 Realty Corp.*, 38 AD3d 693 [2007]).

Since the petitioner's counsel provided her with pro bono legal services, the Surrogate's Court properly denied that branch of her motion which was for an award of an attorney's fee to her counsel payable by the respondents Gerstein, Fisher & Associates, Inc., Stephen J. Lusthaus, and Kim E. Mazzatto.

The petitioner's remaining contentions are improperly raised for the first time in her reply brief (*see Nationwide Insulation & Sales, Inc. v Nova Cas. Co.*, 74 AD3d 1297, 1299 [2010]). Skelos, J.P., Dickerson, Eng and Lott, JJ., concur.