OPINION OF THE COURT
James D. Pagones, J.
On July 20, 2011, letters of guardianship of the property were issued to B.U. (petitioner) under a decree of this court. The *441 petitioner is the mother of the infant. She was previously married to the infant’s biological father. He passed away on February 25, 2011.
Approximately three weeks later, on August 9, 2011, the petitioner filed an application for permission to withdraw a lump sum of $14,000 from the infant’s account. The funds are to be used for the purchase of an automobile for the infant. The value of the infant’s funds at the time of the application was $84,178.33.
The infant is 17V2 years old. He will turn 18 on January 18, 2012. The funds currently on deposit for his benefit will become his sole property upon attaining that age. (SCPA 103 [27]; 1707 [2].)
On August 12, 2011, the chief clerk sent petitioner a letter requesting additional information to place the application in a posture for consideration as follows:
“1. An estimate, from a reputable dealership, detailing the cost of the vehicle with make/model/year and any options;
“2. The name and address of the person who will be responsible for paying the insurance and maintenance of the vehicle;
“3. The name in which the title of the car shall be registered; and
“4. Proof that S.B. has a valid driver’s license.”
The petitioner was further informed that “[u]pon receipt of the information/documentation, the Court will consider your Application for decision.”
The petitioner and infant cosigned a letter to the court and filed it on August 18, 2011. The requested information was provided as follows:
“1. Please find a copy of the car purchase agreement for S.B. dated August 15, 2011. J.U. and B.U. (Guardian of S.B.) purchased the car for S.B. from Lia Honda in Brewster, NY as he needs a car starting Monday, August 22nd for soccer tryouts. My husband (J.U.) and I (B.U.) work and he needs transportation back and forth. He will be driving a 2008 Honda Accord EX.
“2. J.U. and B.U. are responsible for the insurance and maintenance of this vehicle. Our address is the same as S.B.’s: xx Wennington Drive, Poughkeepsie, NY 12603.
*442 “3. The title will be registered in the name of B.U.
“4. Copy of S.B.’s license is enclosed.”
The sales receipt from the auto dealership indicates that on August 17, 2011, the petitioner purchased a 2008 Honda Accord EX-L with 39,808 miles on the odometer for the total sum of $23,432.78. She and the infant request the court to authorize a withdrawal of $20,900 to reimburse the petitioner.
Decision
Initially, the court notes that SCPA 1713 (1) (a) authorizes the expenditure of an infant’s funds for support and education if the court deems the application proper. The statute further provides that “the court may determine the amount of expenditure of the infant’s funds that is reasonable, proper and just under the circumstances, taking into consideration the liability, if any, of any other person to pay such expenses, his financial ability to pay and all other relevant facts.” (SCPA 1713 [2].)
Permission to withdraw funds from a guardianship account lies within the discretion of the court. This discretion is exercised cautiously with an acute understanding of the court’s responsibility to preserve the infant’s estate until his majority. (Matter of Dior Polo G., 78 AD3d 941 [2d Dept 2010]; Ahders v Southampton Hosp., 90 AD2d 508 [2d Dept 1982]; Matter of McCabe, NYLJ, June 21, 2000, at 24, col 3 [Sur Ct, Suffolk County].)
Withdrawal of funds for support from the corpus of an infant’s funds is not favored, absent unusual circumstances. (Matter of Bilick, 176 Misc 2d 293, 297 [Sur Ct, Sullivan County 1998]; Matter of McCabe, supra.) The court’s ultimate responsibility is to preserve the funds of an infant and deliver them to him intact upon attaining the age of majority. (Matter of McCabe, supra.) The court, therefore, must scrupulously employ its discretion within the confines of SCPA 1713. (Matter of Polinsky, 33 Misc 2d 1002, 1004 [Sur Ct, Kings County 1962].)
Another factor to be taken into consideration by the court is the proportion of the child’s property to the requested expenditure. (Ahders v Southampton Hosp., supra; Turano and Radigan, New York Estate Administration § 9.04 [c] [2] [2011 ed].)
Finally, the court notes that, as a general rule, a parent has the obligation to support her child even if such infant has resources of his own. (Matter of Kummer, 93 AD2d 135 [2d Dept 1983]; Matter of Morrell, NYLJ, Jan. 21, 2000, at 35, col 6 [Sur Ct, Suffolk County].)
*443 The petition indicates that the infant needs transportation from school soccer, to transport his disabled sister from daycare, and to his place of employment once he obtains a job. The sole reason advanced by the petitioner to explain why she is unable to provide for the support of the infant is her belief that the infant’s predeceased father was going to pay a portion of the purchase price for the automobile. No reason is given to explain either her ability or inability to contribute. The petition states that the sum of $14,000 would be required in order to purchase a Honda Civic automobile.
The requested withdrawal of $20,900 from the infant’s account amounts to 24.8% of its corpus. The petitioner, along with her current spouse, essentially resorted to self-help by purchasing a much more expensive used car for the infant while the court awaited her response to the information requested in its letter of August 12, 2011. While the petitioner has registered title to the vehicle in her name and has assumed the responsibility, along with her husband, to pay for the insurance and maintenance of the vehicle, the fact of the matter is that there is no prohibition to having title to the vehicle registered in the name of the infant. He will attain the age of majority in less than six months.
As a result of the foregoing factors, the court determines that the petitioner bear a significant portion of the cost of the vehicle. The application is granted to the following extent: (1) Petitioner shall be permitted to withdraw $7,500 from the funds on deposit in the name of the guardian in Chase Bank, 704 Freedom Plains Road, Poughkeepsie, New York, with the funds to serve as reimbursement to the petitioner towards the purchase of the automobile. (2) The cost of maintenance and insurance shall be borne by the petitioner until such time as the infant attains the age of majority. (Matter of McCabe, supra.) (3) The petitioner is directed to register title to the vehicle in the name of S.B. when he turns 18 and pay for all costs associated with the transaction.
The depository is authorized to permit the withdrawal set forth in this decision and order upon presentation of a certified copy of the same.