■ ELIZABETH ELTING, on Behalf of Herself and Derivatively on Behalf of Nominal Defendant TRANSPERFECT GLOBAL, INC., Appellant, v PHILIP SHAWE, Respondent, et al., Nominal Defendants. In the Matter of ELIZABETH ELTING, on Behalf of Herself and Derivatively on Behalf of Nominal Defendant TRANSPERFECT GLOBAL, INC., Appellant, for the Dissolution of TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC. KRAMER LEVIN NAFTALIS & FRANKEL LLP, Nonparty Appellant. [10 NYS3d 872]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered January 9, 2015, which granted defendant Shawe's motion for costs and legal fees against plaintiff Elting and her counsel, Kramer Levin Naftalis & Frankel LLP, unanimously reversed, on the law and the facts, without costs, and the motion denied.

The motion court's factual determination that Elting and Kramer Levin became aware of their mistaken representations, and failed to promptly notify defendant or the court of them, is not based on a fair interpretation of the evidence (*see Grozea v Lagoutova*, 67 AD3d 611 [1st Dept 2009] [imposition of costs and/or sanctions is not entitled to deference if there is a clear abuse of discretion]). The record shows that it was de-

fendant, not plaintiff, who discovered plaintiff's misstatements in her complaint, and that defendant, rather than notifying plaintiff or the court of the misstatements, moved to dismiss the complaint. Moreover, the misstatements, while inaccurate, are not material (22 NYCRR 130-1.1 [c] [3]; *Bahamonde v State of New York*, 269 AD2d 551, 552 [2d Dept 2000]). Accordingly, defendant is not entitled to costs and fees pursuant to 22 NYCRR 130-1.1. Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Clark, JJ.