151 Daniel Low, LLC, Respondent,
against
James Li, Also Known as James X. Li, Appellant, et al., Undertenants.




Staten Island Legal Services (Logan Schiff, Esq.), for appellant.
Jacobi, Sieghardt, Bousanti, Piazza & Fitzpatrick, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Richmond County (Philip S. Straniere, J.), entered June 3, 2016, deemed from a judgment of that court entered June 3, 2016 (see CPLR 5512 [a]). The judgment, entered pursuant to the June 3, 2016 order granting landlord's motion for attorney's fees, awarded landlord the sum of $3,535.




ORDERED that the judgment is reversed, without costs, the order entered June 3, 2016 is vacated, and landlord's motion for attorney's fees is denied.
In this holdover proceeding, landlord alleged that the apartment was rent stabilized but that tenant was not protected by the Rent Stabilization Law because he had refused to sign a vacancy lease. Tenant moved to dismiss the petition, and landlord separately moved for summary judgment. By order dated October 13, 2015, the Civil Court granted landlord's motion and denied tenant's motion. A final judgment awarding landlord possession and the sum of $13,765.69 was entered on October 21, 2015, pursuant to that order. Tenant appealed from the final judgment and, while the appeal was pending, filed a postjudgment motion for a permanent stay of eviction, and an opportunity to cure by signing the vacancy lease that had been offered by landlord, which motion was denied in an order of the Civil Court dated March 11, 2016. Thereafter, landlord moved for an award of attorney's fees on the ground that tenant's motion for [*2]postjudgment relief had been frivolous. By order dated June 3, 2016, the Civil Court awarded landlord attorney's fees in the sum of $3,535. A judgment awarding landlord the sum of $3,535 was entered on June 3, 2016. By decision and order dated September 15, 2017, this court reversed the final judgment, vacated the Civil Court's October 13, 2016 order, denied landlord's motion for summary judgment and granted tenant's motion to dismiss the petition, holding that tenant's refusal to sign the vacancy lease did not deprive him of rent stabilization protection (151 Daniel Low, LLC v Li, __ Misc 3d ___, 2017 NY Slip Op 27299 [2017]). Tenant's appeal from the Civil Court's June 3, 2016 order is deemed to be from the judgment entered June 3, 2016 (see CPLR 5512 [a]).
The Civil Court erred in granting landlord attorney's fees based on frivolous conduct. Section 130—1.1 of the Rules of the Chief Administrator of the Courts (22 NYCRR) allows a court to sanction an attorney for engaging in frivolous conduct, including conduct: (1) "completely without merit in law"; (2) "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another"; or (3) "assert[ing] material factual statements that are false." Here, there was no evidence that the conduct by tenant or his counsel, in making a motion in the Civil Court while an appeal was pending, was motivated by anything other than a desire to protect tenant's interests in an expeditious fashion. Moreover, the motion was not frivolous, as it was predicated upon, among other things, a claim that a failure to sign a lease is curable (see Fairbanks Gardens Co. v Gandhi, 168 Misc 2d 128 [App Term, 2d Dept, 2d & 11th Jud Dists 1996], affd 244 AD2d 315 [1997]). Consequently, the imposition of attorney's fees was not warranted (see Bahamonde v State of New York, 269 AD2d 551 [2000]).
Accordingly, the judgment is reversed, the order entered June 3, 2016 is vacated, and landlord's motion for attorney's fees is denied.
SOLOMON, J.P., and ELLIOT, J., concur.
PESCE, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 01, 2017