Matter of John J. S. (Maria S.) (2018 NY Slip Op 05767)





Matter of John J. S. (Maria S.)


2018 NY Slip Op 05767


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-02910

[*1]In the Matter of John J. S. (Anonymous).
and
Maria S. (Anonymous), etc., appellant. (File No. 324482)


Reisman Peirez Reisman & Capobianco LLP, Garden City, NY (David H. Peirez of counsel), for appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Surrogate's Court Procedure Act article 17, the petitioner appeals from an amended order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated January 19, 2017. The amended order denied the petition pursuant to SCPA 1713 for permission to withdraw from the infant's guardianship account the sum of $50,000 through periodic withdrawals of $4,166.67 for 12 months.
ORDERED that the amended order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the petition pursuant to SCPA 1713 for permission to withdraw from the infant's guardianship account the sum of $50,000 through periodic withdrawals of $4,166.67 for 12 months is granted.
Following the death of his father in 2002, the infant, who was born in 2001, inherited an interest in an ongoing family business. The Surrogate's Court appointed the petitioner, the infant's mother, as guardian of the infant's property. In 2016, the petitioner filed a petition pursuant to SCPA 1713 for permission to withdraw from the infant's guardianship account the sum of $50,000 through periodic withdrawals of $4,166.67 for 12 months. The petition asserted that the funds were necessary for the support and education of the infant, such as for the infant's high school tuition, health care costs, clothing, extracurricular activities, and academic tutoring, and that the amount in the infant's guardianship account was more than $5.9 million. The court denied the petition, and the petitioner appeals.
SCPA 1713 provides that the court may, in its discretion, authorize the withdrawal of an infant's funds from a guardianship account (see SCPCA 1713[1]). Withdrawal is not favored absent unusual circumstances, as it is the duty of the court to preserve the infant's estate until his or her majority (see Matter of Dior Polo G., 78 AD3d 941, 941; Ahders v Southampton Hosp., 90 AD2d 508, 508; Matter of Bilick, 176 Misc 2d 293, 297 [Sur Ct, Sullivan County]). This case presents unusual circumstances as the requested withdrawal is a small proportion, less than 1%, of the infant's property (cf. Matter of S.B., 33 Misc 3d 440, 443 [Sur Ct, Dutchess County]). Moreover, the amount of the expenditures is reasonable, proper, and just under the circumstances (see SCPA 1713[2]).
The petitioner's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Surrogate's Court should have granted the petition.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court