■ THOMAS MORAN, Respondent, v. RICHARD RYNAR, Appellant, et al., Defendants.— In a negligence action to recover damages for personal injuries, defendant Rynar appeals from an order of the Supreme Court, Kings County, dated August 23, 1971, which (1) granted plaintiff's motion to reargue a prior motion by said defendant to dismiss the complaint because of plaintiff's failure to serve and file a note of issue and (2) thereupon granted said motion to dismiss the complaint unless plaintiff would file a note of issue within five days after service of said order with notice of entry. Order modified, by adding thereto a provision imposing $250 costs on plaintiff's attorney, personally, payable to appellant; as so modified, order affirmed, without costs. Plaintiff, a passenger on defendant Rynar's motorcycle, was seriously injured when the motorcycle ran into the rear of defendants Llinas' truck. The action was started on February 4, 1969. On January 30, 1970, pretrial examinations of plaintiff and Rynar were had and at that time there were settlement discussions between counsel. The transcripts of the examinations were completed in early March, 1970. On June 1, 1970 plaintiff's attorney joined a Bronx law firm and during the next few months he was engaged in moving his files from his former Manhattan office to his new office in the Bronx. On June 22, 1970 (about 15 months after joinder of issue and 3½ months after transcription of the pretrial examinations and while plaintiff's attorney was still in the process of moving his office to the Bronx), Rynar served a 45-day notice demanding that plaintiff file a note of issue. Plaintiff's attorney states that this notice never came to his personal attention because of the upset conditions in his office and that for that reason he failed to file a note of issue within the 45-day period. On August 17, 1970 (11 days after expiration of the 45-day period), Rynar moved to dismiss the complaint for lack of prosecution. The motion was adjourned from time to time until February, 1971; while it was pending, plaintiff's attorney contacted Rynar's attorney several times concerning a possible settlement of the case, but the discussions proved fruitless. On this record, and after reargument, Special Term granted the motion to dismiss unless plaintiff would file a note of issue within five days after service of the order thereon with notice of entry. Rynar urges that the dismissal should have been unconditional and that plaintiff should not have been given an opportunity to save the action from dismissal by then filing a note of issue. We disagree and see no abuse of discretion by Special Term in that regard. A proper exercise of discretion in cases like this requires a balanced consideration of all relevant factors, including the merit or lack of merit in the action, seriousness of the injury, extent of the delay, excuse for the delay, prejudice

or lack of prejudice to the defendant, and intent or lack of intent to deliberately default or abandon the action. Also to be weighed in the balance is our strong public policy that actions be disposed of on the merits (see, e.g., *Dahlem* v. *Universal School Bus Leasing*, 35 A D 2d 992, 993). Here, the action apparently has merit; the injury is serious; the delay was not protracted; the default was not willful or with intent to abandon the action, but rather the result of inadvertence and neglect on the part of plaintiff's attorney; there is neither claim nor showing of prejudice to defendant Rynar from the delay; and the Statute of Limitations has now run, so that a dismissal would effectively deprive plaintiff of his cause of action. In such cases, we have held that an attorney's neglect or inadvertent error should not deprive his client of his day in court; and that it is proper to save the action for the client, while imposing upon the attorney, personally, a penalty for his neglect (see, e.g., *Springer* v. *Marangio*, 38 A D 2d 852; *Douglaston Estates* v. *Consolidated Edison Co.*, 39 A D 2d 705; cf. *Dahlem* v. *Universal School Bus Leasing*, 35 A D 2d 992, supra). In accord with those determinations are statements in 4 Weinstein-Korn-Miller (par. 3216.04, p. 32–201) and Practice Commentaries by Professor David D. Siegel on CPLR 3216 (McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3201–3400, pp. 918–919). Thus, Weinstein-Korn-Miller says this: "It must be borne in mind, moreover, that dismissal is a harsh penalty imposed on a client for his lawyer's failures; justified annoyance by the court at a lawyer's procrastinations should not be vented on the litigant with a meritorious claim by closing the courts to him. If the action has merit, lesser penalties for delay are warranted." And Prof. Siegel says this: "In federal actions the 2d Circuit has indicated that it deems the neglect to prosecute dismissal 'drastic' and would prefer 'imposing substantial costs and attorney's fees payable by offending counsel personally'. * * * The New York courts might profitably adopt that approach". On the facts in this case and in line with the foregoing principles, we believe it was a proper exercise of discretion to give plaintiff an opportunity to file a note of issue and save his case from dismissal. However, in view of the neglect of his attorney in the prosecution of the action, we think it proper to require his attorney, personally, to pay $250 costs to defendant Rynar. Rabin, P. J., Martuscello, Latham and Benjamin, JJ., concur; Munder, J., dissents and votes to modify the order by (1) striking therefrom all the decretal provisions after the one which granted plaintiff's motion for reargument and (2) adding a provision thereto adhering to the original determination in the order of the Special Term dated February 23, 1971, granting defendant Rynar's motion to dismiss the complaint, with severance of the action as to the other defendants, with the following memorandum: Plaintiff was injured in an accident which occurred on February 19, 1966. The action was not brought until almost three years later, on February 4, 1969. Issue was joined by appellant, Rynar, the following month on March 20 and then nothing was done until pretrial examinations were held on January 30, 1970. Five months later, on June 22, 1970, appellant served the demand specified in CPLR 3216 (subd. [b], par. [3]) requiring plaintiff to resume prosecution within 45 days or face a motion to dismiss. Plaintiff did not act. Almost two months later, on August 17, 1970, appellant moved to dismiss. The excuses offered by plaintiff in opposition were patently insufficient. Five months elapsed between the pretrial examinations and service of appellant's 45-day demand (see *Sortino* v. *Fisher*, 20 A D 2d 25, a case decided *before* the 45-day provision was added to CPLR 3216, where the time lapse between the pretrial examinations and the motion to dismiss was five and one-half months and where the action was dismissed for unreasonable delay). The settlement

negotiations,' upon which plaintiff relies, occurred mainly *after* appellant had moved to dismiss and there is a strong suggestion that these negotiations were "one-sided" on plaintiff's part. As the First Department commented in *Verni* v. *Wright* (30 A D 2d 943), "What appears is that plaintiff hoped to realize something from the action but not by way of trial." In short, it is my view that the delay in instituting this action and the delay in keeping it moving were unreasonable and that plaintiff failed to take advantage of the "second chance" given him by the 45-day notice requirements of CPLR 3216 (*Cohn* v. *Borchard Affiliations*, 25 N Y 2d 237, 246). Under these circumstances, it was an abuse of discretion not to grant appellant's motion to dismiss outright (see *Navillus, Inc.* v. *Guggino*, 34 A D 2d 648).