■ In the Matter of JACK P. HELLER, Respondent, v IRVING ANKER, as Chancellor of the Board of Education of the City School District of the City of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel petitioner's reinstatement to his position as a teacher, the appeal is from an order of the Supreme Court, Kings County, entered August 8, 1977, which, *inter alia,* (1) adjudged appellants in civil and criminal contempt for their failure to comply with a prior order and judgment of the same court, dated March 29, 1977, which was entered upon appellants' default, and (2) failed to pass on appellants' cross motion to vacate that default judgment. Order reversed, without costs or disbursements, motion to hold appellants in contempt denied and cross motion to vacate the default judgment granted, with leave to appellants to serve their answer in the proceeding within 10 days after service upon them of a copy of the order to be entered hereon, together with notice of entry thereof, all on condition that appellants pay the sum of $250 to petitioner's attorney

within five days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof; in the event such conditions are not complied with, order affirmed, with $50 costs and disbursements. The Special Term granted petitioner's motion to hold the appellants (the Chancellor and the members of the New York City Board of Education) in contempt for their failure to comply with a prior order and judgment which was entered upon appellants' default. That order and judgment directed petitioner's reinstatement as a teacher of health and physical education. (In so holding in the order under review, the Special Term implicitly denied appellants' cross motion to vacate the default judgment.) In the article 78 proceeding petitioner challenges appellants' policy of laying off health and physical education teachers on the basis of separate seniority lists for males and females. Petitioner further alleges that if the lists had been merged as of September 1, 1976, he would not have been laid off on that date and that he is entitled to reinstatement and back pay. The record indicates that until 1973, it was the appellant board's policy to hold separate teacher examinations for males and females in the area of health and physical education and, as a result, separate eligibility and seniority lists were established for males and females. As a result of successive decisions by the State Division of Human Rights and the State Commissioner of Education (the latter in the fall of 1976) the separate seniority lists were abandoned. The board determined to merge the two lists retroactive to September 1, 1976 and to recompute necessary layoffs on the basis of the merged list. On November 9, 1976 the board's new policy was declared legally sufficient by a Federal District Court (*Math v Board of Educ.*, US Dist Ct, EDNY, Constatino, J.). The board was thereafter informed by the United States Department of Health, Education and Welfare (HEW) that its plan to merge the two lists would violate Federal law because it would result in a disproportionate layoff of female teachers. Because of this determination of HEW, and the imminence of a Federal class action by female health and physical education teachers challenging the proposed merger of the seniority lists, the board decided not to merge the seniority lists as of September 1, 1976 or to recompute layoffs in accordance with the merged list. Petitioner was then discharged based on a computation of seniority from separate lists of male and female teachers. However, in February, 1977, when the board was again faced with the problem of which procedure to utilize in laying off physical and health education teachers, it decided to do so on the basis of one merged list for males and females, effective February, 1977. The article 78 proceeding instituted by the petitioner appeared on the court calendar six times between January 12, 1977 and March 21, 1977. On each occasion appellants appeared and sought an adjournment. Those adjournments were requested for two reasons: (1) that the Assistant Corporation Counsel in charge of defending the proceeding was actually engaged in another complex action which had been commenced against appellants in January, 1977 in the United States District Court for the Eastern District of New York and which ran for over a month and a half; and (2) that in view of the conflicting rulings on the issue of the seniority lists, appellants were in the process of commencing a Federal action to declare that its policy both of merging the seniority lists, effective February, 1977 and of maintaining separate seniority lists prior to that date were lawful. In this latter regard, appellants requested the Special Term to hold the petition in abeyance pending the commencement and outcome of the contemplated Federal action. Nevertheless, on March 21, 1977, appellants' request for a further adjournment was denied and the default judgment resulted. The board

eventually instituted the Federal action which it had described to the Special Term *(Board of Educ. v Califano,* File No. 77 Civ 1609). Under these circumstances, it is our view that the Special Term abused its discretion in holding appellants in contempt and in failing to vacate the default judgment entered in the article 78 proceeding. There is no question that appellants could have readily drafted an answer to the petition and their failure to do so cannot be condoned. Yet, it must also be noted that appellants appeared on each scheduled court date and made a most plausible argument in favor of holding the proceeding in abeyance. Under these circumstances, their failure to answer the petition cannot be deemed willful or deliberate and did not demonstrate an intent to abandon the defense of the proceeding. The record indicates that appellants may have a valid defense to this proceeding. Nor will petitioner suffer any prejudice upon vacatur of the default judgment since he will be entitled to back pay if he ultimately prevails. Under all of the circumstances, it is our view that it is more appropriate to allow appellants to have their day in court and impose a penalty on them for any inconvenience caused by their neglect in defending this proceeding (see *Moran v Rynar,* 39 AD2d 718). Suozzi, J. P., Gulotta, Cohalan and Margett, JJ., concur.