■ AURELIO PAOLI, Appellant, v SULLCRAFT MANUFACTURING COMPANY et al., Respondents. — Order, Supreme Court, New York County (McCooe, J.), entered December 10, 1982, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint for plaintiff's failure to comply with a conditional order of preclusion, dated January 23, 1982, unanimously modified, on the law and the facts and in the exercise of discretion, without costs or disbursements, to deny defendants' motion for summary judgment and to grant plaintiff's cross motion for leave to file a bill of particulars on condition plaintiff's attorneys pay defendants $1,000 in costs within 20 days of entry of the order herein, and otherwise affirmed; in the event, however, that said condition is not complied with, the order is affirmed, with costs.

By stipulation, the parties extended by two months plaintiff's time in which to comply with the conditional 30-day order of preclusion. After the extended period had expired without service of a bill of particulars another five months elapsed before

defendants moved for summary judgment on the ground of plaintiff's noncompliance with the conditional order. Special Term granted the motion and denied plaintiff's cross motion for leave to file a tendered bill of particulars, finding, *inter alia,* that plaintiff's excuses amounted to nothing more than law office failure, "which [could] not constitute excusable delay." With the subsequent enactment of CPLR 2005 and amendment to CPLR 3012 (L 1983, ch 318), which legislation took effect on June 21, 1983 and, being remedial, was applicable to all pending litigation, the *Barasch/Eaton* doctrine that law office failure was judicially unacceptable came to an end. Plaintiff has offered a reasonably satisfactory excuse. Plaintiff's counsel was deluged during the tax season and arranged for an extension. Thereafter, the file was misplaced. By the time it was located and counsel called for a further extension defendants' motion papers had been prepared. A delay of only five months is involved and plaintiff has clearly not evinced an intent to abandon his claim. A client should not be deprived of his day in court by his attorney's neglect or inadvertent error, especially where the other party cannot show prejudice. (See *Moran v Rynar,* 39 AD2d 718, 719.) Our review of the verified complaint and bill of particulars shows that the complaint has merit. In our discretion we have imposed $1,000 in costs on plaintiff's attorneys as an appropriate sanction. Concur — Kupferman, J. P., Sullivan, Ross, Bloom and Alexander, JJ.