■ ANNA MAKRIS, Respondent, v WESTCHESTER COUNTY et al., Appellants, et al., Defendants. [800 NYS2d 759]—In an action to recover damages for medical malpractice, the defendants

Westchester County, Westchester County Medical Center and Samuel Kasoff appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Westchester County (Bellantoni, J.), entered April 16, 2004, as granted that branch of the plaintiff's motion which was to strike their answers pursuant to CPLR 3126, and (2) an order of the same court entered September 20, 2004, as, upon reargument, adhered to the original determination.

Ordered that the appeal from so much of the order entered April 16, 2004, as granted that branch of the motion which was to strike the answers of the defendants Westchester County, Westchester County Medical Center and Samuel Kasoff is dismissed, as that portion of the order was superseded by the order entered September 20, 2004, made upon reargument; and it is further,

Ordered that the order entered September 20, 2004, is modified, on the law and as a matter of discretion, by deleting the provision thereof which, upon reargument, adhered to the original determination granting that branch of the motion which was to strike the answers of the defendants Westchester County, Westchester County Medical Center and Samuel Kasoff, and substituting therefor a provision, upon reargument, granting that branch of the motion only to the extent of directing that Kanterman & Taub, P.C., the attorneys for those defendants, to pay the sum of $10,000 as a sanction to the plaintiff; as so modified, the order entered September 20, 2004, is affirmed insofar as appealed from, and the order entered April 16, 2004, is modified accordingly; and it is further,

Ordered that the sanction shall be paid within 60 days after service upon Kanterman & Taub, P.C., of a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the appellants' contention, the record supports the Supreme Court's determination that the conduct complained of was willful and contumacious (*see e.g. Black v Little*, 5 AD3d 520, 521 [2004]; *Robinson v Pediatric Assoc. of Irwin Ave.*, 307 AD2d 1029, 1030 [2003]; *Gourdine v Phelps Mem. Hosp.*, 40 AD2d 694 [1972]). Nevertheless, under the particular circumstances of this case, and as a matter of discretion, we find that a monetary sanction in the sum of $10,000, payable to the plaintiff by the appellants' trial attorney, constitutes an appropriate sanction (*see Curcio v Hogan Coring & Sawing Corp.*, 303 AD2d 357, 359 [2003]; *DeFoe v Bankers Trust Co.*, 179 AD2d 737, 738 [1992]).

The appellants' remaining contention is without merit (*see*

*Kennedy v Children's Hosp. of Buffalo*, 303 AD2d 937, 937-938 [2003]; *Brothers v Bunkoff Gen. Contrs.*, 296 AD2d 764, 765 [2002]; *see also Rupp-Elmasri v Elmasri*, 8 AD3d 464, 465 [2004]). Adams, J.P., Krausman, Fisher and Lifson, JJ., concur.