■ KATHLEEN O'NEILL et al., Appellants, v VICTOR T. HO, Respondent, et al., Defendants. [814 NYS2d 202]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiffs appeal from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated October 8, 2004, as denied their motion to strike the answer of the defendant Victor T. Ho, for an attorney's fee and reasonable costs on the motion, and to impose a sanction pursuant to CPLR 3126 and 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law and as a mat-

ter of discretion, by deleting the provision thereof denying that branch of the motion which was to impose a sanction pursuant to CPLR 3126 and 22 NYCRR 130-1.1 and substituting therefor a provision granting that branch of the motion to the extent of imposing a monetary sanction upon the defendant Victor T. Ho and his counsel in the amount of $1,500, payable to counsel for the plaintiffs, and directing that the examination before trial of the defendant Victor T. Ho directed by an order of the same court dated February 19, 2004, be completed under the supervision of the Supreme Court, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs; and it is further,

Ordered that the sanction shall be paid within 30 days after service upon the defendant Victor T. Ho and his counsel of a copy of this decision and order.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was to strike the answer of the defendant Victor T. Ho (hereinafter Dr. Ho), since such drastic relief was not warranted as a sanction for obstreperous conduct at a single deposition session (*see Pascarelli v City of New York,* 16 AD3d 472, 473 [2005]). Nevertheless, the record demonstrates that the plaintiffs' attempt to complete the deposition of Dr. Ho, ordered after the plaintiffs successfully moved to compel answers to nine questions marked for rulings at the first deposition session, was frustrated by counsel's making of extensive "speaking objections," which were not based on constitutional rights, privilege, or palpable irrelevance, and by Dr. Ho's repeated refusal to answer clear questions and his ultimate departure from the deposition during the afternoon (*Mora v Saint Vincent's Catholic Med. Ctr. of N.Y.,* 8 Misc 3d 868, 870 [2005]; *see Tardibuono v County of Nassau,* 181 AD2d 879 [1992]; *Freedco Prods. v New York Tel. Co.,* 47 AD2d 654 [1975]; *see also* 2005 Report of Advisory Comm on Civ Prac, at 90-94). Under the circumstances, a monetary sanction in the amount of $1,500 is warranted to compensate the plaintiffs' counsel for the time expended and costs incurred in connection with the aborted deposition session (*see* CPLR 3126; *Jacobs v Macy's E., Inc.,* 17 AD3d 318, 320-321 [2005]; *Barbiere v Motamed,* 209 AD2d 368 [1994]). Moreover, it is apparent that supervision of the remaining outstanding discovery by the Supreme Court is warranted (*see* CPLR 3104 [a]; *Vasile v Chisena,* 272 AD2d 610 [2000]). Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.