■ FRIEDMAN, HARFENIST, LANGER & KRAUT, Respondent, v RICHARD BRUCE ROSENTHAL, Appellant. [914 NYS2d 196]—

In an action, inter alia, to recover unpaid legal fees, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered August 13, 2009, as granted that branch of the plaintiff's motion pursuant to CPLR 3126 (3) which was to strike his answer, in effect, directed entry of judgment in favor of the plaintiff in the sum of $37,939.64, with interest, and severed and dismissed his counterclaim, (2) from an order of the same court dated October 14, 2009, which denied his motion for leave to renew and reargue his opposition to the plaintiff's motion, and (3) from a judgment of the same court entered December 24, 2009, which, upon the orders, is in favor of the plaintiff and against him in the total sum of $48, 534.67.

Ordered that the appeal from so much of the order dated October 14, 2009, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeals from so much of the order dated October 14, 2009, as denied that branch of the defendant's motion which was for leave to renew, and the appeal from the order entered August 13, 2009, are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the facts, and in the exercise of discretion, without costs or disbursements, that branch of the defendant's motion which was for leave to renew is granted, and, upon renewal, so much of the order entered August 13, 2009, as granted that branch of the plaintiff's motion pursuant to CPLR 3126 (3) which was to strike the answer, in effect, directed entry of judgment in favor of the plaintiff in the sum of $37,939.64, with interest, and severed and dismissed his counterclaim is vacated, and that branch of the plaintiff's motion which was pursuant to CPLR 3126 (3) to strike the answer is granted only to the extent of imposing a monetary sanction upon the defendant in the sum of $5,000, payable to the plaintiff, and that branch of the motion is otherwise denied, and the order dated October 14, 2009, is modified accordingly; and it is further,

Ordered that in the event that the defendant does not pay the sum of $5,000 to the plaintiff on or before 30 days after the service of a copy of this decision and order by the plaintiff upon the defendant, the judgment is affirmed, with costs.

The defendant's appeals from so much of the order dated

October 14, 2009, as denied that branch of his motion which was for leave to renew, and from the order entered August 13, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on those appeals are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 rests within the discretion of the Supreme Court (*see Raville v Elnomany*, 76 AD3d 520 [2010]; *Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d 727, 728 [2007]; *1523 Real Estate, Inc. v East Atl. Props., LLC*, 41 AD3d 567, 568 [2007]). "[W]hen a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is well within the Trial Judge's discretion [to dismiss a pleading]" (*Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]). Strong public policy, however, favors the resolution of cases on the merits (*see Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d at 728; *1523 Real Estate, Inc. v East Atl. Props., LLC*, 41 AD3d at 568; *A.F.C. Enters., Inc. v New York City School Constr. Auth.*, 33 AD3d 737 [2006]). Accordingly, the "drastic remedy" (*Lomax v Rochdale Vil., Inc.*, 76 AD3d 999 [2010]; *see Moray v City of Yonkers*, 76 AD3d 618 [2010]) of the striking of a pleading pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious (*see Lomax v Rochdale Vil. Inc.*, 76 AD3d at 999; *Cobenas v Ginsburg Dev. Cos., LLC*, 74 AD3d 1269 [2010]; *Xiao Yang Chen v Fischer*, 73 AD3d 1167 [2010]; *Voutsinas v Voutsinas*, 43 AD3d 1156, 1157 [2007]). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply" (*Savin v Brooklyn Mar. Park Dev. Corp.*, 61 AD3d 954, 954-955 [2009] [internal quotation marks omitted]), "or a failure to comply with court-ordered discovery over an extended period of time" (*Prappas v Papadatos*, 38 AD3d 871, 872 [2007]; *see Russell v B&B Indus.*, 309 AD2d 914, 915 [2003]).

Pursuant to CPLR 2221 (e) (2) and (3), a motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination," and the motion papers must contain a "reasonable justification for the failure to present such facts on the prior motion" (*see Kuzmin v Nevsky*, 74 AD3d 896 [2010]; *Vaco v Arellano*, 74 AD3d 791 [2010]).

Here, inasmuch as the defendant offered a reasonable justification for failing to submit certain facts in opposition to the plaintiff's motion, and because those additional facts would have changed the prior determination, the Supreme Court improvidently exercised its discretion by denying that branch of the defendant's motion which was for leave to renew. Moreover, upon renewal, the defendant demonstrated that his delay in providing court-ordered discovery and his inadequate discovery responses were not clearly willful and contumacious. Nonetheless, the defendant's conduct during discovery cannot be countenanced, and, under the circumstances, a monetary sanction in the sum of $5,000 is warranted to compensate the plaintiff for the time expended and costs incurred in connection with the defendant's failure to comply with court-ordered discovery (*see Messer v Keyspan Energy Delivery, Inc.*, 56 AD3d 738, 738-739 [2008]; *Dean v Usine Campagna*, 44 AD3d 603, 605 [2007]; *O'Neill v Ho*, 28 AD3d 626, 627 [2006]; *Jacobs v Macy's E., Inc.*, 17 AD3d 318, 320 [2005]).

The parties' remaining contentions either are without merit or need not be reached in light of the foregoing. Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.