■ MICHAEL VIEDA, Respondent, v OTRO ROLLO TROPICAL, INC., et al., Appellants. [968 NYS2d 897]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Agate, J.), dated November 26, 2012, which granted the plaintiff's motion pursuant to CPLR 3126 to strike their answer.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's motion which was to strike the answer insofar as asserted on behalf of the defendants NRP LLC II and Emmes Asset Management Company, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The record reveals that the representative of the defendant Otro Rollo Tropical, Inc. (hereinafter Otro), willfully and contumaciously refused to appear for his deposition (*see Carabello v Luna*, 49 AD3d 679, 680 [2008]; *Duncan v Hebb*, 47 AD3d 871 [2008]; *Maignan v Nahar*, 37 AD3d 557 [2007]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to strike the answer insofar as asserted on behalf of Otro (*see* CPLR 3126 [3]; *cf. Mermelstein v Kalker*, 294 AD2d 413, 414 [2002]). However, because there was no showing of willful and contumacious conduct on the part of the defendants NRP LLC II and Emmes Asset Management Company, LLC, and no showing that those defendants exercised control over Otro, they should not be precluded from defending the action (*see Carabello v Luna*, 49 AD3d at 680; *Mills v Ducille*, 170 AD2d 657 [1991]; *Moriates v Powertest Petroleum Co.*, 114 AD2d 888, 890 [1985]). Accordingly, that branch of the plaintiff's motion which was to strike the answer insofar as asserted on behalf of NRP LLC II and Emmes Asset Management Company, LLC, should have been denied. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.