■ MICHAEL L. BRANDENBURG et al., Respondents, v COUNTY OF ROCKLAND SEWER DISTRICT #1, STATE OF NEW YORK, Appellant, et al., Defendant. [6 NYS3d 570]—

In an action to recover damages for injury to real property, the defendant County of Rockland Sewer District #1, State of New York, appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated April 22, 2013, as granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike its answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the Supreme Court (*see Kihl v Pfeffer*, 94 NY2d 118 [1999]; *Montemurro v Memorial Sloan-Kettering Cancer Ctr.*, 94 AD3d 1066 [2012]). The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands or court-ordered discovery is willful and contumacious (*see Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]; *Commisso v Orshan*, 85 AD3d 845 [2011]). The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse (*see Montemurro v Memorial Sloan-Kettering Cancer Ctr.*, 94 AD3d at 1066; *Commisso v Orshan*, 85 AD3d at 845).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the appellant's answer. Contrary to the appellant's contention, the willful and contumacious nature of its conduct may properly be inferred from its repeated failures, without an adequate excuse, to comply with the plaintiffs' discovery demands and court-ordered discovery schedules (*see Crescent Elec. Supply Co., Inc., of N.Y. v Travelers Cas. & Sur. Co. of Am.*, 111 AD3d 659 [2013]; *Montemurro v Memorial Sloan-Kettering Cancer Ctr.*, 94 AD3d at 1066; *Flynn v City of New York*, 101 AD3d 803, 805 [2012]). Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.