■ LAZAR, SANDERS, THALER & ASSOCIATES, LLP, Respondent, v TERRY LAZAR et al., Appellants, et al., Defendants. [16 NYS3d 326]—

In an action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and conversion, the defendants Terry Lazar, Lazar Broder, LLP, Robert Haar, RHA Realty Associates, LLC, Mitch Meisner, and Puresafe Water Systems, Inc., appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Sher, J.), entered December 30, 2013, as, upon an order of the same court dated October 9, 2013, inter alia, granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike their answer, and after an inquest on the issue of damages, is in favor of the plaintiff and against the defendants Terry Lazar and Lazar Broder, LLP, in the principal sum of $70,116.50, in favor of the plaintiff and against the defendant Robert Haar in the principal sum of $5,762.50, in favor of the plaintiff and against the defendant RHA Realty Associates, LLC, in the principal sum of $657.50, in favor of the plaintiff and against the defendant Mitch Meisner in the principal sum of $11,000, and in favor of the plaintiff and against the defendant Puresafe Water Systems, Inc., in the principal sum of $25,000.

Ordered that the judgment is modified, on the facts, by deleting the provision thereof awarding damages in favor of the plaintiff and against the defendants Terry Lazar and Lazar Broder, LLP, in the principal sum of $70,116.50, and substituting therefor a provision holding them jointly and severally liable for the principal sums awarded in favor of the plaintiff and against the other defendants; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the Supreme Court (*see Wolf v Flowers*, 122 AD3d 728, 728 [2014]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 209 [2012]). The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands or court-ordered discovery is willful and contumacious (*see Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y.*, 127 AD3d 680 [2015]; *Arpino v F.J.F. &*

*Sons Elec. Co., Inc.*, 102 AD3d at 210). The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse (*see Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y.*, 127 AD3d at 680; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 210).

Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the appellants' answer. The appellants' willful and contumacious conduct can be inferred from their repeated failures, without an adequate excuse, to comply with discovery demands and the court's discovery orders (*see Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y.*, 127 AD3d at 680; *Flynn v City of New York*, 101 AD3d 803, 805 [2012]; *Montemurro v Memorial Sloan-Kettering Cancer Ctr.*, 94 AD3d 1066, 1066 [2012]).

Contrary to the appellants' contention, after an inquest on the issue of damages, the Supreme Court properly determined that the plaintiff established that it sustained damages in the form of unpaid fees for services rendered to its former clients. However, the appellants correctly contend that the judgment does not properly reflect that determination. In this regard, the judgment allows the plaintiff to recover the amount owed by each of its former clients from those clients. In addition to those amounts, the judgment allows the plaintiff to separately recover the total principal owed by the clients from the defendants Terry Lazar and Lazar Broder, LLP, effectively permitting a double recovery. Thus, we modify the judgment to reflect that Lazar and Lazar Broder, LLP, are jointly and severally liable for the principal sum awarded against each of the plaintiff's former clients. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.