■ SHAVONN LUCAS, as Administrator of the Estate of ANDRE WRIGHT, Deceased, Appellant-Respondent, v LAWRENCE STAM et al., Defendants, and SUSAN GORDON et al., Respondents-Appellants. MARTIN CLEARWATER & BELL, LLP, Nonparty Respondent-Appellant. [48 NYS3d 150]—

In an action to recover damages for medical malpractice and lack of informed consent, (1) (a) the plaintiff appeals, as limited by her brief, from so much of an amended order of the Supreme Court, Kings County (Jacobson, J.), dated April 4, 2014, as granted that branch of her motion which was pursuant to CPLR 3126 to strike the separate answers of the defendants Susan Gordon, Pawan Bhatnagar, William M. Schiff, and New York Presbyterian Hospital Columbia University Medical Center for failure to comply with court-ordered discovery only to the extent of imposing a monetary sanction upon them and their counsel, nonparty Martin Clearwater & Bell, LLP, and (b) the defendants Susan Gordon, Pawan Bhatnagar, William M. Schiff, and New York Presbyterian Hospital Columbia University Medical Center, and nonparty Martin Clearwater & Bell, LLP, cross-appeal, as limited by their brief, from so much of the same amended order as granted those branches of the plaintiff's motion which were pursuant to CPLR 3126 to strike the separate answers of those defendants for failure to comply with court-ordered discovery to the extent of imposing a monetary sanction upon them and pursuant to 22 NYCRR 130-1.1 to impose a monetary sanction upon nonparty Martin Clearwater & Bell, LLP, and (2) (a) the plaintiff appeals, as limited by her brief, from so much of an order of the same court dated November 12, 2014, as denied those branches of her motion which were for leave to renew that branch of the prior motion which was pursuant to CPLR 3126 to strike the separate answers of the defendants Susan Gordon, Pawan Bhatnagar, William M. Schiff, and New York Presbyterian Hospital Columbia University Medical Center, to strike the answer of the defendant Columbia Ophthalmology Consultants, and for leave to enter a default judgment against the defendant Columbia Ophthalmology Consultants, and (b) the defendants Susan Gordon, Pawan Bhatnagar, William M. Schiff, Columbia Ophthalmology Consultants, and New York Presbyterian Hospital Columbia University Medical Center cross-appeal, as limited by their brief, from so much of the order

dated November 12, 2014, as denied their cross motion pursuant to 22 NYCRR 130-1.1 to impose costs and sanctions upon the plaintiff's counsel.

Ordered that the amended order dated April 4, 2014, is reversed insofar as appealed and cross-appealed from, on the facts and in the exercise of discretion, that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the separate answers of the defendants Susan Gordon, Pawan Bhatnagar, William M. Schiff, and New York Presbyterian Hospital Columbia University Medical Center for failure to comply with court-ordered discovery is granted, and that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 to impose a monetary sanction upon nonparty Martin Clearwater & Bell, LLP, is denied; and it is further,

Ordered that the appeal from so much of the order dated November 12, 2014, as denied that branch of the plaintiff's motion which was for leave to renew that branch of the prior motion which was pursuant to CPLR 3126 to strike the separate answers of the defendants Susan Gordon, Pawan Bhatnagar, William M. Schiff, and New York Presbyterian Hospital Columbia University Medical Center for failure to comply with court-ordered discovery is dismissed as academic in light of our determination on the appeal from the amended order dated April 4, 2014; and it is further,

Ordered that the order dated November 12, 2014, is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants Susan Gordon, Pawan Bhatnagar, William M. Schiff, and New York Presbyterian Hospital Columbia University Medical Center.

This medical malpractice action arises from ophthalmological surgery performed on September 5, 2007, on the plaintiff's decedent by the defendant William M. Schiff, a vitreoretinal surgeon, at the Harkness Eye Institute, which is owned and operated by the defendant New York Presbyterian Hospital Columbia University Medical Center (hereinafter the Hospital). The plaintiff alleges that prior to the surgery, a surgical booker working at the Hospital gave the decedent a history and physical form to provide to his internist, the defendant Lawrence Stam, in order to obtain medical clearance for the surgery. The form, which was partially completed by the surgical booker, indicated that the surgery was going to take place under local anesthesia. Stam wrote on the form that the decedent was a "moderate risk for surgery," and under the preprinted portion

of the form stating, "Patient is in satisfactory condition for local/standby anesthesia," Stam wrote, "yes." The plaintiff alleges that the surgery was performed on both eyes under general anesthesia, and that the surgery lasted approximately seven hours. As a result of the surgery having been performed under general anesthesia, the decedent allegedly suffered a major stroke and other injuries.

This action was commenced against, among others, Schiff, the Hospital, the defendant Susan Gordon, a nurse who assisted the attending anesthesiologist, and the defendant Pawan Bhatnagar, a surgeon who assisted Schiff (hereinafter collectively the defendants). The bills of particulars alleged, among other things, that Schiff and the Hospital negligently failed to obtain proper medical clearance for the surgery, used the wrong medical clearance form, and failed to inform Stam that the surgery was going to be performed under general anesthesia.

In February 2012, the plaintiff demanded that the defendants produce the names of all surgical bookers who were working at the Hospital in September 2007. After the defendants failed to respond to the demand, the Supreme Court directed them to comply. In a letter dated August 8, 2012, an attorney from Martin Clearwater & Bell, LLP (hereinafter Martin Clearwater), the law firm representing the defendants, disclosed the names of two surgical bookers and represented that both individuals had left their employment with nonparty 61 Street Service Corp. in May 2008. Thereafter, the plaintiff's counsel learned that one of those surgical bookers, Marcia Barnaby, was, in fact, working at the Hospital. During a subsequent court conference, the attorney from Martin Clearwater explained that he made "an honest mistake" in his representation of Barnaby's employment status.

After serving a subpoena on 61 Street Service Corp., the plaintiff's counsel learned the name of another surgical booker, Anthony Pastor, who was working at the Hospital in September 2007. Based upon, among other things, the defendants' failure to disclose Pastor's name, the Supreme Court held a sanctions hearing in June 2013. At the hearing, an attorney from Martin Clearwater claimed that the failure was an "oversight." However, subsequently, the plaintiff's counsel learned that the same Martin Clearwater attorney had, in fact, interviewed Pastor in the summer of 2012, and that Pastor told the attorney that his handwriting appeared on the subject history and physical form.

During discovery, the plaintiff had also demanded that the defendants provide the clearance forms used by the Hospital

and Schiff in and around September 2007. The defendants responded that the only clearance form used was the same history and physical form contained in the decedent's medical record. After motion practice, the Supreme Court issued an order directing the defendants to provide an affidavit to the same effect. Upon the defendants' failure to comply with that order, on November 26, 2012, the court orally directed that the separate answers of Schiff and the Hospital would be stricken unless Schiff submitted a compliant affidavit within 20 days. The plaintiff served a notice to settle order and a proposed order requiring that Schiff's affidavit cover the entire time period of 2007. The defendants served a proposed counter-order limiting the time period covered in Schiff's affidavit to January 1, 2007, through September 5, 2007. In an order dated December 17, 2012, the court directed that the answers of Schiff and the Hospital would be deemed stricken unless within 20 days from November 26, 2012, Schiff produced an affidavit stating as follows: "In the year 2007, all of my patients undergoing eye surgery at [the Hospital] were only given one History and Physical form to be completed before undergoing eye surgery regardless of the type of anesthesia they were receiving, which is the same form that was used for the [decedent's] eye surgery of September 5, 2007 at [the Hospital]." Nevertheless, a Martin Clearwater attorney served an affidavit from Schiff dated December 13, 2012, that only covered the period from January 1, 2007, through September 5, 2007.

The plaintiff moved pursuant to CPLR 3126 to strike the separate answers of the defendants for failure to comply with court-ordered discovery and pursuant to 22 NYCRR 130-1.1 to impose monetary sanctions upon Martin Clearwater. In an amended order dated April 4, 2014, the Supreme Court found that "the willful and contumacious conduct of defendants can be inferred from defendants' continuous failure to comply with discovery demands and [court] [o]rders." The court noted that the defendants repeatedly served affidavits that failed to comply with its directives, and that "the piecemeal manner in which defendants[ ] provided the names of the surgical bookers . . . [was] inexcusable and could only have been designed to conceal evidence and delay these proceedings." Despite finding that the defendants' tactics "were meant to delay and complicate these proceedings," the court granted the plaintiff's motion only to the extent of imposing a monetary sanction upon the defendants and Martin Clearwater in the sum of $10,000 payable to the plaintiff's counsel for costs and legal fees in bringing the motion, and a monetary sanction upon Martin Clearwater in the sum of $5,000 payable to the Lawyers' Fund for Client Protection.

Thereafter, the plaintiff moved, inter alia, for leave to renew that branch of the prior motion which was pursuant to CPLR 3126 to strike the defendants' answers, to strike the answer of the defendant Columbia Ophthalmology Consultants (hereinafter COC) for committing a fraud upon the court, and for leave to enter a default judgment against COC. The defendants and COC cross-moved pursuant to 22 NYCRR 130-1.1 to impose costs and sanctions upon the plaintiff's counsel for engaging in frivolous conduct. In an order dated November 12, 2014, the Supreme Court denied the motion and cross motion.

We agree with the plaintiff that, under the circumstances, the Supreme Court improvidently exercised its discretion by imposing monetary sanctions upon the defendants and Martin Clearwater instead of striking the defendants' answers.

The Supreme Court properly inferred the willful and contumacious character of the defendants' conduct from their repeated failures over an extended period of time, without an adequate excuse, to comply with the plaintiff's discovery demands and the court's discovery orders (*see Lazar, Sanders, Thaler & Assoc., LLP v Lazar*, 131 AD3d 1133, 1134 [2015]; *Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y.*, 127 AD3d 680, 681 [2015]; *Montemurro v Memorial Sloan-Kettering Cancer Ctr.*, 94 AD3d 1066, 1066 [2012]). This conduct included: (1) misrepresenting that the surgical booker Marcia Barnaby was no longer employed by the Hospital; (2) failing to disclose Anthony Pastor as a surgical booker; and (3) failing to timely and fully comply with the court's order to produce an affidavit from Schiff in the form required by the court. "[P]arties, where necessary, will be held responsible for the failure of their lawyers to meet court-ordered deadlines and provide meaningful responses to discovery demands" (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 207-208 [2012]; *see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514, 521 [2005]; *Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]).

"The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the Supreme Court" (*Lazar, Sanders, Thaler & Assoc., LLP v Lazar*, 131 AD3d at 1133; *see Wolf v Flowers*, 122 AD3d 728, 728 [2014]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 209). Even so, the Appellate Division " 'is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse' " (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 209, quoting *Those Certain Underwriters at Lloyds, London v Occidental*

*Gems, Inc.,* 11 NY3d 843, 845 [2008]). In determining the appropriate sanction to impose, we are guided by CPLR 3126, which permits courts to, among other things, "order that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of the party obtaining the order" (CPLR 3126 [1]), issue a preclusion order (*see* CPLR 3126 [2]), or strike a pleading (*see* CPLR 3126 [3]). The striking of a pleading is a drastic remedy that may only be warranted upon a clear showing that the failure to comply with discovery demands or court-ordered discovery was willful and contumacious (*see Lazar, Sanders, Thaler & Assoc., LLP v Lazar,* 131 AD3d at 1133; *Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y.,* 127 AD3d at 681; *Arpino v F.J.F. & Sons Elec. Co., Inc.,* 102 AD3d at 210). Although not expressly set forth as a sanction under CPLR 3126, we have held that the imposition of a monetary sanction under CPLR 3126 may be appropriate to compensate counsel or a party for the time expended and costs incurred in connection with an offending party's failure to fully and timely comply with court-ordered disclosure (*see Knoch v City of New York,* 109 AD3d 459 [2013]; *Friedman, Harfenist, Langer & Kraut v Rosenthal,* 79 AD3d 798, 801 [2010]; *O'Neill v Ho,* 28 AD3d 626, 627 [2006]). Here, contrary to the Supreme Court's determination, we find that the imposition of monetary sanctions was insufficient to punish the defendants and their counsel for their willful and contumacious conduct in failing to timely and fully respond to discovery demands and court orders. Accordingly, the court should have granted that branch of the plaintiff's motion which was to strike the defendants' answers.

In light of our determination, the plaintiff's appeal from so much of the order dated November 12, 2014, as denied that branch of the plaintiff's motion which was for leave to renew that branch of the prior motion which was to strike the defendants' answers has been rendered academic.

In the order dated November 12, 2014, the Supreme Court denied that branch of the plaintiff's motion which was to strike COC's answer based upon the allegation that COC and its attorneys Martin Clearwater attempted to commit a fraud upon the court. In April 2009, an attorney from Martin Clearwater contacted the plaintiff's counsel seeking a voluntary discontinuance of the action against COC. The president of COC, Dr. Stanley Chang, provided the plaintiff's counsel with an affidavit in which he averred that COC was merely a payroll company that did not have independent insurance coverage,

employees, or shareholders. Relying on that affidavit, the plaintiff entered into a stipulation of discontinuance in which it voluntarily discontinued the action against COC. Through later disclosure, including Dr. Chang's deposition testimony, the plaintiff learned that COC maintained medical malpractice insurance, provided medical care in the field ophthalmology, had billed Medicare for the costs of the decedent's surgery, and employed surgical bookers. On June 3, 2014, the court so-ordered a stipulation vacating the stipulation of discontinuance against COC and reinstating the complaint against COC. On July 7, 2014, COC served an answer, which the plaintiff rejected as untimely.

"[I]n order to demonstrate fraud on the court, the nonoffending party must establish by clear and convincing evidence that the offending party has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his adversary's [prosecution or] defense of the action" (*CDR Créances S.A.S. v Cohen*, 23 NY3d 307, 320 [2014] [internal quotation marks omitted]). Here, the plaintiff failed to establish, by clear and convincing evidence, that COC or its counsel engaged in conduct that would constitute a fraud on the court.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to enter a default judgment against COC. Considering the minimal delay, the absence of prejudice to the plaintiff, and the lack of willfulness on the part of COC, the delay in serving its answer was properly excused (*see Darlind Constr., Inc. v Prism Solar Tech., Inc.*, 109 AD3d 783, 783-784 [2013]; *Jolkovsky v Legeman*, 32 AD3d 418, 419 [2006]; *Bunch v Dollar Budget, Inc.*, 12 AD3d 391, 391 [2004]).

Contrary to the contentions of the defendants and COC, they failed to establish that the conduct of the plaintiff's counsel was frivolous. Accordingly, the Supreme Court providently exercised its discretion in denying their cross motion to impose costs and sanctions upon the plaintiff's counsel pursuant to 22 NYCRR 130-1.1. Hall, J.P., Austin and Barros, JJ., concur.

Roman, J., concurs in part and dissents in part, and votes to affirm the amended order dated April 4, 2014, insofar as appealed and cross-appealed from, and affirm the order dated November 12, 2014, insofar as appealed and cross-appealed from, with the following memorandum: I find that the drastic sanction of striking the answers of the defendants Susan Gordon, Pawan Bhatnagar, William M. Schiff, and New York Presbyterian Hospital Columbia University Medical Center (hereinafter collectively the defendants) was not warranted

under the circumstances of this case. Therefore, I respectfully dissent on this ground.

In the amended order dated April 4, 2014, the Supreme Court found that the defendants had served affidavits from Schiff that did not comply with the court's directives, and failed to properly provide the names and locations of the surgical bookers employed by the defendants at the time of the decedent's surgery. However, the court declined to strike the defendants' answers and, instead, imposed monetary sanctions, noting the public policy favoring resolution of cases on the merits. In the order dated November 12, 2014, the court, inter alia, denied that branch of the plaintiff's motion which was pursuant to CPLR 2221 for leave to renew that branch of the plaintiff's prior motion which was to strike the defendants' answers, and denied the cross motion of the defendants and the defendant Columbia Ophthalmology Consultants pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff's counsel for engaging in frivolous conduct.

"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (*Isaacs v Isaacs*, 71 AD3d 951, 952 [2010]; *see Morales v Zherka*, 140 AD3d 836 [2016]). However, "[t]he striking of a party's pleading is a drastic remedy only warranted where there has been a clear showing that the failure to comply with discovery demands was willful and contumacious" (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]; *see Lomax v Rochdale Vil., Inc.*, 76 AD3d 999, 999 [2010]). Furthermore, "[p]ublic policy strongly favors the resolution of actions on the merits whenever possible" (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 210; *see Krause v Lobacz*, 131 AD3d 1128, 1129 [2015]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010]). It is within the discretion of the Supreme Court to impose a monetary sanction pursuant to CPLR 3126 to compensate a party for the time expended and costs incurred in connection with an opposing party's failure to comply with court-ordered discovery (*see Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d at 801; *Messer v Keyspan Energy Delivery, Inc.*, 56 AD3d 738, 739 [2008]).

Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to strike the defendants' answers solely to the extent of imposing monetary sanctions, and properly denied that branch of the plaintiff's separate motion which was pursuant to CPLR 2221 for leave to renew that application. The record reflects that the

defendants substantially, albeit tardily, complied with the court's directive in providing an affidavit from Schiff (*see ACME ANC Corp. v Read*, 55 AD3d 854, 855 [2008]). Additionally, as noted by the court, the plaintiff ultimately ascertained the names and locations of the surgical bookers who were working at the time of the decedent's surgery, and their depositions have been held. Moreover, certain of the plaintiff's discovery requests were overbroad (*see Scorzari v Pezza*, 111 AD3d 916, 916-917 [2013]), which contributed to the delay in this matter.

Furthermore, there is no indication in the record that the individual physician defendants were involved in any willful misconduct with respect to complying with the discovery demands and court orders (*cf. Vieda v Otro Rollo Tropical, Inc.*, 108 AD3d 695, 696 [2013]). As the majority points out, where necessary, parties may be held responsible for the failure of their lawyers to provide meaningful responses to discovery demands and court orders (*see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514, 521 [2005]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 207-208). However, "dismissal is a harsh penalty imposed on a client for his [or her] lawyer's failures" (7-3216 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3216.23 [internal quotation marks omitted]; *see Moran v Rynar*, 39 AD2d 718, 719 [1972]), and in certain cases, it may be appropriate to impose a penalty upon the attorney for his or her conduct while saving the action for the client (*see Paoli v Sullcraft Mfg. Co.*, 104 AD2d 333, 334 [1984]; *Moran v Rynar*, 39 AD2d at 719).

The piecemeal disclosure of the surgical bookers by the defendants' attorneys should not be condoned. Nevertheless, under the circumstances of this case, and considering the strong public policy favoring resolution of cases on the merits, it cannot be said that the Supreme Court improvidently exercised its discretion in declining to strike the defendants' answers and, instead, imposing monetary sanctions to compensate the plaintiff for the time expended and costs incurred in connection with the conduct of the defendants' attorneys (*see Knoch v City of New York*, 109 AD3d 459, 459 [2013]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d at 801; *Makris v Westchester County*, 21 AD3d 931, 932 [2005]; *O'Neill v Ho*, 28 AD3d 626, 627 [2006]).

In all other respects, I agree with the majority's determinations.

Accordingly, I would affirm the amended order dated April 4, 2014, insofar as appealed and cross-appealed from, and affirm

the order dated November 12, 2014, insofar as appealed and cross-appealed from.