Sterling Trust Ltd. v Stern (2019 NY Slip Op 08439)





Sterling Trust Ltd. v Stern


2019 NY Slip Op 08439


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2018-10931
 (Index No. 602491/16)

[*1]Sterling Trust Limited, etc., appellant,
v
Michael Stern, et al., defendants-respondents; Meyer, Suozzi, English & Klein, P.C., nonparty- respondent.


The Nolan Law Firm, New York, NY (William Paul Nolan of counsel), for appellant.
Kenneth C. Henry, Jr., P.C., Westbury, NY, for defendants-respondents Michael Stern, MS Finan, Inc., and MS Financial Services (Israel), Ltd.
Blodnick, Fazio & Clark, Garden City, NY (Edward K. Blodnick of counsel), for defendant-respondent Sandra Stern.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Robert N. Zausmer and Daniel B. Rinaldi of counsel), nonparty-respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered June 29, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's cross motion which were, in effect, to strike the defendants' answer on the ground that the defendants and their attorneys, nonparty Meyer, Suozzi, English & Klein, P.C., perpetrated a fraud on the court, and to impose sanctions against the defendants and their attorneys, nonparty Meyer, Suozzi, English & Klein, P.C., for frivolous conduct.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants and the nonparty-respondent appearing separately and filing separate briefs.
In this action, the law firm of Meyer, Suozzi, English & Klein, P.C. (hereinafter MSEK), moved for leave to withdraw as the defendants' counsel. The plaintiff cross-moved, inter alia, in effect, to strike the defendants' answer on the ground that the defendants and MSEK perpetrated a fraud on the court, and to impose sanctions against the defendants and MSEK for frivolous conduct. In an order entered June 29, 2018, the Supreme Court, among other things, denied those branches of the plaintiff's cross motion. The plaintiff appeals.
We agree with the Supreme Court's determination to deny that branch of the plaintiff's cross motion which was, in effect, to strike the defendants' answer on the ground that the defendants and MSEK perpetrated a fraud on the court. "[T]o demonstrate fraud on the court, the nonoffending party must establish by clear and convincing evidence that the offending party has [*2]acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his [or her] adversary's [prosecution or] defense of the action" (CDR Créances S.A.S. v Cohen, 23 NY3d 307, 320 [internal quotation marks omitted]; see Lucas v Stam, 147 AD3d 921, 927). Here, the plaintiff failed to establish, by clear and convincing evidence, that the defendants or MSEK engaged in conduct that would constitute a fraud on the court.
Further, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was, in effect, to impose sanctions against the defendants and MSEK for frivolous conduct. The plaintiff failed to demonstrate that the defendants or MSEK engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (see 22 NYCRR 130-1.1[c]; Rojas v Hazzard, 171 AD3d 819, 820).
We decline the request for the imposition of sanctions based on the plaintiff's allegedly frivolous conduct in prosecuting this appeal (see Matter of Park Knoll Owners, Inc. v Park Knoll Assoc., 175 AD3d 1410, 1413).
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court