Fuentes v 257 Toppings Path, LLC (2024 NY Slip Op 01534)

Fuentes v 257 Toppings Path, LLC

2024 NY Slip Op 01534

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2019-13479
 (Index No. 613573/17)

[*1]Gregorio Fuentes, et al., respondents,
v 257 Toppings Path, LLC, et al., defendants third-party plaintiffs-appellants; Builder Services Group, Inc., etc., third-party defendant-appellant.

Gallo Vitucci Klar LLP, New York, NY (C. Briggs Johnson of counsel), for defendants third-party plaintiffs-appellants.
Ansa Assuncao, LLP, White Plains, NY (Stefanie A. Bashar and Stephen P. McLaughlin of counsel), for third-party defendant-appellant.
Oresky & Associates, PLLC (Jennifer B. Ettenger, Dix Hills, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, and the third-party defendant separately appeals, from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered November 6, 2019. The order granted the plaintiffs' motion for leave to reargue and renew their opposition to those branches of the separate motions of the defendants third-party plaintiffs and the third-party defendant which were to dismiss the complaint on the ground that the plaintiffs perpetrated a fraud on the court, which had been granted in an order of the same court entered May 1, 2019, and upon reargument and renewal, denied those branches of the separate motions.
ORDERED that the order entered November 6, 2019, is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
The plaintiff Gregorio Fuentes (hereinafter the injured plaintiff) allegedly was injured when he fell 16 feet through an uncovered opening in an attic floor while performing construction work on property owned by the defendant third-party plaintiff 257 Toppings Path, LLC (hereinafter the owner). The injured plaintiff allegedly sustained severe injuries to his neck, back, and left shoulder as a result of the fall.
The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the owner and the defendant third-party plaintiff A-H Construction, LLC (hereinafter together the defendants), the general contractor on the construction project, alleging violations of the Labor Law. The defendants commenced a third-party action against the injured plaintiff's employer, Builder Services Group, Inc., doing business as Cary Insulation (hereinafter the third-party defendant), a subcontractor on the project.
During his deposition, the injured plaintiff testified that he had never received treatment for his neck or back or felt pain in his neck or back prior to the accident at issue—claims that were contradicted by medical records exchanged during discovery. After the plaintiffs were deposed, the defendants and the third-party defendant separately moved, inter alia, to dismiss the complaint on the ground that the plaintiffs perpetrated a fraud on the court. The Supreme Court granted those branches of the separate motions.
Thereafter, the plaintiffs moved for leave to reargue and renew their opposition to those branches of the separate motions of the defendants and the third-party defendant which were to dismiss the complaint on the ground that the plaintiffs perpetrated a fraud on the court. In the order appealed from, the Supreme Court granted leave to reargue and renew, and upon reargument and renewal, denied those branches of the separate motions. The defendants appeal, and the third-party defendant separately appeals.
"Fraud on the court involves wilful conduct that is deceitful and obstructionistic, which injects misrepresentations and false information into the judicial process 'so serious that it undermines . . . the integrity of the proceeding'" (CDR Créances S.A.S. v Cohen, 23 NY3d 307, 318, quoting Baba-Ali v State of New York, 19 NY3d 627, 634; see JNG Constr., Ltd. v Roussopoulos, 170 AD3d 1136, 1141). "[I]n order to demonstrate fraud on the court, the nonoffending party must establish by clear and convincing evidence that the offending party has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his [or her] adversary's defense of the action" (CDR Créances S.A.S. v Cohen, 23 NY3d at 320 [internal quotation marks omitted]; see JNG Constr., Ltd. v Roussopoulos, 170 AD3d at 1141; Lucas v Stam, 147 AD3d 921). Further, dismissal is an extreme remedy, "most appropriate in cases . . . where the conduct is particularly egregious, characterized by lies and fabrications in furtherance of a scheme designed to conceal critical matters from the court and the nonoffending party [and] where the conduct is perpetrated repeatedly and wilfully" (CDR Creances S.A.S. v Cohen, 23 NY3d at 321).
"A motion for leave to reargue is directed to the trial court's discretion and, to warrant reargument, the moving party must demonstrate that the court overlooked or misapprehended the relevant facts or misapplied a controlling principle of law" (Robinson v Viani, 140 AD3d 845, 847; see CPLR 2221[d]).
Here, the Supreme Court properly granted the plaintiffs leave to reargue, as the court misapprehended the fact that the plaintiffs had supplied discovery regarding the prior treatment of the injured plaintiff's neck and back prior to his deposition. Particularly in light of this fact, the defendants and the third-party defendant failed to establish, by clear and convincing evidence, that the injured plaintiff's deposition testimony was knowingly designed to hinder the factfinder's fair adjudication of the case and the defendants' and the third-party defendant's defense of the action (see Bessa v Anflo Indus., Inc., 148 AD3d 974, 976; Lucas v Stam, 147 AD3d 921, 927). Accordingly, upon reargument and renewal, the court properly denied those branches of the separate motions of the defendants and the third-party defendant which were to dismiss the complaint on the ground that the plaintiffs perpetrated a fraud on the court.
The defendants' and the third-party defendant's remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., GENOVESI, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court